## In re WELLS.
### Patent Appeal No. 2929.

Court of Customs and Patent Appeals.
March 28, 1932.

William L. Symons, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Fifteen claims in an application of appellant, appertaining to a process for the treatment of fibrous material to produce wood pulp used in the manufacture of paper, were rejected by the Examiner of the United States Patent Office as disclosing nothing inventive over prior art cited.

Upon appeal to the Board of Appeals the decision of the Examiner was modified to the extent that one claim (No. 30) was allowed. As to the other claims, numbered 1 to 14, inclusive, the Examiner's decision was affirmed. Appeal to this court followed.

Both tribunals of the Patent Office joined in a criticism of the number of claims, but multiplicity was not made a reason of rejection.

Appellant has, however, assigned error upon this, thereby, at least, inviting the comment of this court.

We think the criticism justified. All that appellant claims to be patentable in the fourteen claims disallowed is the element relating to the proportions of materials used. Claim 2 is quoted as typical: "2. In the production of fibers from vegetable material for use in making paper, the method of treating material which has been cooked with chemicals until the middle lamella is softened

and which cook has been terminated before the middle lamella is completely dissolved, which method consists in separating the fibers of said softened material by pounding the same between parallel pounding surfaces of a pile of rods which substantially constantly extend parallel to each other and are tumbled with the material and which fall with the material and impact upon particles of the material, whereby the length of the fibers is maintained, the treatment being conducted under conditions in which the material treated includes fiber in proportions of at least five parts and not more than 9.5 parts to 100 parts of fluid by weight."

Everything which appellant claims to be patentable is embraced in the concluding words of the foregoing claim: " * * * The treatment being conducted under conditions in which the material treated includes fiber in proportions of at least five parts and not more than 9.5 parts to 100 parts of fluid by weight."

The fourteen claims to cover this comprise about 2,000 words, or something more than one-fourth the number which were used in framing the Constitution of the United States.

We really feel that appellant could have reduced the number without sacrificing either substance, clarity, or protection. The number may be accounted for, at least in part, by a prior patent to appellant referred to hereafter. Nevertheless it seems to us to have been unnecessary to have so many claims.

The prior art cited against the claims is embraced in patents to: ·Wells, 1,654,624, January 3, 1928; Howard, 1,039,286, September 24, 1912; DeCew, 1,598,267, August 31, 1926.

The first of the above references is a patent to appellant himself, containing fourteen claims which are similar to the fourteen herein at issue, except that in the patent claims there is no statement as to the ratio of the fibrous material to the fluid.

The patent to Howard relates to apparatus known as a ball type of mill for manufacturing wood pulp. It contains no statement as to the specific proportions of fibrous material and fluid used, but the specification teaches the feeding of said material "in approximately the proper proportions of fiber and water for efficient grinding."

The patent to DeCew is for a "method of hydrating cellulose fibers in concentrated stock." The claims of said patent call for a fiber stock, as expressed in claim No. 2 thereof, of *"more than 4%."* (Italics ours).

As has been seen, appellant's involved claims are limited to "at least 5 parts and not more than 9.5 parts" of solid matter.

Appellant has presented a number of affidavits, said to be by experts in the wood pulp industry, setting forth the advantages and benefits derived from the proportions proposed in his application. These show elaborate laboratory tests on the part of appellant in arriving at the stated consistencies of materials, and recite the solution of various difficulties by the use of these consistencies.

There is no occasion to doubt the truth of these affidavits, but, accepting them as being, in all respects, true, they do not appear to us to establish invention in the patentable sense, in view of the prior art teachings.

This case is quite analogous in principle to that of In re Richter, 53 F.(2d) 525, 19 C. C. P. A. ——. That case involved certain claims for new preparations in acid sulphite cooking liquor used in the production of wood pulp. We there held that changes in proportions of agents used in combinations, such as were there involved, in order to be patentable, must be *critical* as compared with the proportions used in prior processes. We there pointed out that such was the doctrine of Minerals Separation, Limited, et al. v. Hyde, 242 U. S. 261, 37 S. Ct. 82, 61 L. Ed. 286, which case was there relied upon, as it is here.

Other cases in point are In re Williams, 36 F.(2d) 436, 17 C. C. P. A. 718; In re Pilling, 44 F.(2d) 878, 18 C. C. P. A. 703, and cases cited in each.

We do not feel that the proportions named in appellant's claims are critical in the sense required sufficiently to render the claims patentable.

The decision of the Board of Appeals is therefore affirmed.

Affirmed.